United States District Court
Southern District of Texas
FILED

DEC 1 1 2003

Michael N. Milby
Clerk of Court

# THE DISTRICT OF THE UNITED STATES
## SOUTHERN DIVISION OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO CASTCASTANEDA<br>D/B/A CASTANEDA'S<br>NATIONWIDE FEDERAL<br>BONDING & BAIL BOND<br>COMPANIES, LT'D. | )( CIVIL ACTION FILE NUMBER:_____<br><br>**B- 0 3 - 2 2 3 .** |
| VS. | )( |
| YOLANDA DE LEON,<br>DISTRICT ATTORNEY<br>OF CAMERON COUNTY,<br>TEXAS, FRANK MARTINEZ,<br>ASSISTANT OF CAMERON<br>COUNTY, TEXAS, AND ISREAL<br>PENA, ASSITANT DISTRICT<br>ATTORNEY OF CAMERON<br>COUNTY, IN THEIR<br>INDIVIDUAL AND OFFICAL<br>CAPACITIES, DEFENDANTS | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( |

## · PLAINTIFFS'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW PLAINTIFF, ERNESTO C. CASTANEDA, D/B/A

CASTANEDA'S NATIONWIDE FEDERAL BONDING AND BAIL BOND

COMPANIES, LT'D. , filing this Original Complaint against Yolanda DeLeon,

DISTRICT ATTORNEY of Cameron County, Texas, Frank Martinez, Assistant District

Attorney County, Texas and Israel Pena , Assistant District Attorney of Cameron

County, Texas in their individual and official capacities; respectfully showing this

Honorable Court , as follows :

# I.
# PARTIES

1.  Plaintiff is a bail bondsman, operating in Cameron County, Texas, against whom Defendant's have filed 5 legal actions on exonerable forfeited bonds, past the statute of limitations, in bad faith, retaliation, and harassment.

2.  Defendant, Yolanda DeLeon, is District Attorney of Cameron County, Texas and such actions were by her employees, within the scope of their employment and with her knowledge and consent, respondent superior. Yolanda DeLeon may be served with Summons and Complaint at the Cameron County District Attorney's Office, 974 E. Harrison, Brownsville, Texas 78520.

3.  Defendant, Frank Martinez, is an Assistant District Attorney of Cameron County, Texas who participated in all the foregoing actions and with his knowledge and consent. He may be served with Summons and Complaint at the Cameron County District Attorney's Office, 974 E. Harrison, Brownsville, Texas 78520.

4.  Defendant, Israel Pena, is an Assistant District Attorney of Cameron County, Texas who signed all the foregoing disputed documents and who was seen backdating a document after service. He participated in all the foregoing matters and they were with his knowledge and consent. He may be served with Summons and Complaint at the Cameron County District Attorney's office, 974 E. Harrison, Brownsville, Texas 78520.

## II.
## JURISDICTION

5. (a). Cause arises pursuant to 42 U.S.C. 1983, for denial of rights, privileges and immunities, secured by the Constitution and laws of the United States, under color of law.

(b). Cause arises under R.I.C.O. , predicate offenses, tampering with government documents and information brokering of Privacy Act protected documents now sought in litigation.

( c). Cause arises under the Privacy Act, seeking to discover a multitude of documents, as shown by exhibits attached.

(d). Cause arises under the Sherman Antitrust Act for monopolistically preferring other bondsmen, not keeping with deregulation, and discrimination against Plaintiff and against commerce.

(e). Cause arises directly under the Constitution, without regard to statute as per U.S.V. Bivens, 403 U.S. 338 case allowance.

(f). Case arises by pendent jurisdiction. United States District Courts have jurisdiction of such actions.

6. Actions complained of occurred in October 2003 in Brownsville, Texas.


## III.
## CAUSE OF ACTION

7. (a). Case arise pursuant to 42 U.S.C. 1983, for Defendants depriving Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States under color of law.

(b). Case also arises under R.I.C.O, the Privacy Act, the Sherman Antitrust Act

3

directly under the Constitution and by pendent jurisdiction.

8. Defendants have no immunity because of bad faith, shown above, because conduct was not objectively reasonable at the time and for other reasons shown below. Font V. Carr, 867 S.W.2d.873 (Tex.App.,Hou.,1st.Dist.-1993), Vera V. Tue, 73 F.3d.604 and similar line of cases below.

9. Plaintiff is being denied rights, secured by the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution and other Constitutional provisions, cited below.

10. Plaintiff has the following rights:

(a). Right to free association with his bail bond clients without fear of such reprisal and right to petition for redress of grievance.

(b). Right against unreasonable searches within totality of circumstances where he has a reasonable expectation of privacy not the voluminous discovery sought as shown through attached documents, Turnover Orders, Suits, Subpoena Duces Tecum and Oral Deposition and Motion for Production of Documents in long expired cases, limitations running from date of final judgment and wherein he no longer has records that far back, only required to keep records 5 years old.

( c). Right against self incrimination, massive discovery sought in exonerable, forfeited bond cases of principals circumvent. Kastigar V. United States, 92 S.Ct.1653, "the privilege against self incrimination may be asserted in any proceeding, civil or criminal, administrative, judicial, investigatory or adjudicatory."

(d). Plaintiff has the right to counsel, he cannot afford, in these actions tantamount

4

to criminal proceedings, they are so invasive.

(e). Plaintiff has the right to a fair trial, he cannot have without his records in these long expired cases and he cannot have without counsel. Also, tampering with government records by Defendants, backdating to make cases appear within limitations time frame of four (4) years.

(f). Plaintiff has the right against excessive bail, extended to bondsmen in these bail bond cases and as shown by suits and discovery instruments, attached and turnover orders attached on five (5) forfeitures Defendants attempt to take everything Plaintiff has and put him out of business. Five (5) forfeitures are the rule in Cameron County for closing a bondman's business.

(g). Plaintiff has the Fifth and Fourteenth Amendment rights of both a liberty interest and a property interest in his bail bond business. Edmiston V. County of VanZandt, 15 F.3d. 180 (5th.Cir.-1994), Vera v. Tue, 73 F3d. 604, Font v. Carr.

(h). Plaintiff has the right to Equal Protection of Law under said Amendments, additionally to Due Process of Law, as stated above. He has been singled out from other bondsmen, disparate impact and disparate treatment; and above Plaintiff also, shows discriminations against Commerce, due to deregulations and invokes the Preemption Doctrine. It is purposeful discrimination..

(i).Other Constitutional prohibitions are as follows:

(1). It is a Bill of Attainder aimed at only Plaintiff for enforcement.

(2). Such interferes with contractual rights arising under the Contract Clause.

(3). It unconstitutionally interferes with family relationships and these are family owned businesses, wherein Defendants seek to discover joint assets, having no jurisdiction over other family members.

5

(4).  The Dormant Commerce Clause is also involved for reasons sated.  Under International Fidelity Insurance Company, 476 S.W.2d. 118-120, there is no relation to general regulatory provisions.

11.  Pendent jurisdiction also attaches for violation of state statutes cited, Article 17.06, 17.11, 17.14, V.A.C.C.P., Article 2372 p-3 section 5(a), Art 22.13 ( c) Texas Code of Criminal Procedure, exonerating bonds if "uncontrollable circumstances", and principals in all 5 cases were deported.

12.  Pendent jurisdiction also attaches for state torts of intentional and negligent infliction of emotional  distress, defamation, also recognized by 42 U.S.C. 1983, when tangible consequences, as here; violation of right to privacy interference with family relationships.

13.  Defendants acted individually and collectively to deny all the foregoing rights and violate all the foregoing prohibitions.

14.  The tampering with government records, backdating in retaliation, harassment, bad faith and actions ultra vires official capacities through within scope of employment seeking records Plaintiff does not have , only required to keep records 5 years, and filing of cases on which limitations has run contravene Shaw v. Garrison, 467 F.2d. 113 (5th.Cir.), cert. den. 409 U.S.1024 and Trainor v. Hernandez, 431 U.S.434, where Defendants have no immunity, whatsoever.

15.  Deliberate lying has also been involved, disallowing immunity, as per U.S. v Fletcher,    U.S.   (12-'97).

16.  Under Vera, (supra), violating clearly established Constitutional rights and conduct being unreasonable in light of law in effect at the time are the two pronged test, Plaintiff satisfies to deny Defendable any immunities.

17. <u>Font</u>, (supra), a subjective showing of good faith was the D.A.'s burden of proof not the bondsman required to show bad faith. In <u>Font</u>, (supra), property right in bail bonding which Due Process of Law attaches is also, bolstered, with the holding that, "the right to earn a living writing bail bonds is a property interest protected by the Texas Constitution" and by the United States Constitution.

18. Malicious intent defeats qualified immunity, <u>Font</u>, (supra).

19. <u>Campbell v. Jones</u>, 153 Tx. 101,264 S.W.2d. 425, <u>Lazarov v. University of Texas Health Sciences Center</u>, 830 S.W. 2d.330 and <u>Baker</u>, (supra), at 621 S.W.2d. 664, all hold similarly to the foregoing cases, denying immunity.

20. The following cases circumvent immunity and allow money damages from district attorneys, sought here and allow temporary restraining orders, preliminary injunctions, and permanent injunctions, sought here against district attorneys:

     a. <u>Imbler v. Pachtman</u> 424 U.S. 431 only allows immunity in criminal cases when initiating the prosecution and presenting the state's case and this case fits neither circumstances.

     b. <u>Younger v. Harris</u> 401 U.S. 371 allows injunctions against district attorneys when lack of probable cause exists as here limitations having run, chilling effect of First Amendment freedoms exists as here denying Plaintiff access to clients who have Eighth Amendment rights to his services and because Plaintiff has petitioned for redress, Defendants in retaliation, by filing motions to exonerate these forfeitures under Art. 22.13 ( c) for deportation, an allowable "uncontrollable circumstance". Bad faith and harassment, as here are other tests of "<u>Younger</u>".

7

## IV.
## <u>FACTS OF CASE</u>

21. In October 2003 Plaintiff was served with lawsuits, discovery documents and turnover orders in five forfeiture actions. There are various instruments indicating this action, which are attached, (Exhibits "A"-"E"). All were signed by Israel Pena within scope of his employment by Yolanda DeLeon.

22. Such motions requests voluminous documents, Plaintiff does not have, only required to keep business records for five (5) years.

23. Such requests violate Plaintiff's right to privacy and his privilege against self incrimination secured by the Privacy Act.

24.      These cases are all over four years old, such that statute of limitations has expired, and an Assistant District Attorney, Israel Pena, was seen changing dates of such documents after Plaintiff was already served, tampering with government documents and in retaliation, acting within the scope of his employment, respondent superior, Yolanda DeLeon and Frank Martinez also involved himself in these lawsuits. No immunities can be had in such bad faith efforts, <u>Font,</u> (supra) , <u>Shaw,</u> (supra), <u>Vera,</u> (supra).

25. Defendants clearly attempt to put Plaintiff out of business and take everything he has as evidenced by suits and discovery documents and turnover orders, attached.

26. All bond forfeitures should have been exonerated and Plaintiff had duty moved to exonerate them all in view of the fact that all clients sued over had been deported, which is an uncontrollable circumstance exonerating under Art.22.13 ( c), Texas Code of Criminal Procedure.

8

## V.

27.  Defendants have jointly and severally willfully failed to obey 42 U.S.C 1983,

R.I.C.O, The Privacy Act, the Sherman Antitrust Act and the Constitution of the United

States and Texas Law.

28.  Defendants have jointly and severally failed to obey, negligently, 42 U.S. 1983,

R.I.C.O,  The Privacy Act , the Sherman Antitrust Act, the Constitution of the United

States and law of the State of Texas.

## VI.

29.  Plaintiff has suffered physical suffering due to exacerbation of diabetes and cancer

by stress occasioned by Defendants' filings.  He has suffered mental anguish due to such

unlawful actions of Defendants filing exonerable cases on which the statute of limitations

has expired.  He has suffered humiliation, damage to his reputation, served in the

courtroom and documents asking private facts.  He has suffered loss of earning and other

financial loss, through such unlawful actions of Defendants.

## VII.
## INJUNCTION

30.  plaintiff seeks that temporary restraining order be entered without notice before he is

immediately, permanently, and irreparably damaged, restraining and enjoining Subpoena

Duces Tecum and Oral Deposition and Motion for Production of Documents in the case

of Leonarda Lopez, no. 1997-04-001664-C, 197th. District Court, Cameron County,

Texas.

31.  Plaintiff seeks that temporary restraining order be entered without notice before he is

immediately, permanently and irreparably damaged restraining and enjoining Turnover

Orders in the cases of Cristino  Gonzalez, No. 1996-11-006724-C in the 197th. District

Court of Cameron County Texas.

And in the case of Pablo Gonzalez, No. 96-11-6725-C, in the District Court of Cameron County, Texas, 197th. Judicial District.

32.  Plaintiff seeks that temporary restraining order be entered without notice before he is immediately, permanently and irreparably damaged, restraining and enjoining lawsuits in the case of Oscar Castillo, No. 1998-05-002145-C, 197th. District Court, Cameron County, Texas in the case of Alejandro Garcia, No 1996-09-004952, 197h. District Court, Cameron County, Texas.

33.  Plaintiff seeks that all such actions be stayed.

34.  Plaintiff seeks that preliminary injunctions then be entered, enjoining all the foregoing discovery, turnover orders and lawsuits.

35.  Upon trial of this cause on the merits, Plaintiff seeks that permanent injunction be entered enjoining Subpoena Duces Tecum and Oral Deposition in case of Leonarda Lopez.

36.  Upon trial of this cause in the merits, Plaintiff seeks permanent injunction be entered, enjoining turnover orders on case of Pablo Gonzalez.

37.  Upon trial of this cause in the merits, Plaintiff seeks that permanent injunction be entered, enjoining Turnover Order in case of Cristino Gonzalez.

38.  Upon trial of this cause in the merits, Plaintiff seeks permanent injunction be entered, enjoining lawsuit in the case of Oscar Castillo.

39.  Upon trial of this cause in the merits, Plaintiff seeks permanent injunction be entered, enjoining lawsuit in the case of Alejandro Garcia.

40.  A chilling effect on First Amendment freedoms is had in this case, lack of probable cause, exonerable forfeitures where limitations have expired, bad faith, retaliation, harassment, and ultra vires acts are shown, allowing the Doctrine of Equitable Restraint

44. Plaintiff seeks that Defendants be held jointly and severally in the sum of Ten (10) Million Dollars, punitive Damages.

45. Allowing money damages from prosecutors is <u>Imbler v. Pachtman</u>, 424 U.S. 431, only immune in criminal cases, this is not while initiating prosecution and presenting the state's case, not found here and bolstered by lack of immunity shown in <u>Font,</u> (supra), <u>Vera</u> (supra), <u>Shaw</u> (supra), and <u>Trainor,</u> (supra).

**WHEREFORE PREMISIS CONSIDERED,** plaintiff files this, his Original Complaint, praying that the Defendants be temporarily restrained, preliminarily restrained and permanently enjoined, from prosecuting discovery, turnover orders and lawsuits involved.

**WHEREFORE,** Plaintiff further prays for Ten (10) Million Dollars actual damages for which Defendants are held jointly and severally liable and they also be held jointly and severally liable in punitive damages of Ten (10) Million Dollars. Plaintiff prays for whatever other relief he be allowed in law or in equity. Plaintiff prays general relief.

Respectfully Submitted,

Ernesto C. Castaneda
305 Nolana
McAllen, Texas 78502
Plaintiff, Pro Se

11