THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 11 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| ERNESTO C. CASTANEDA | )( CIVIL ACTION NO. B-03-223 |
| D/B/A CASTANEDA'S | |
| NATIONWIDE FEDERAL | )( |
| BONDING AND BAIL | |
| BOND COMPANIES | )( |
| | |
| VS. | )( |
| | |
| YOLANDA DE LEON | )( |
| DISTRICT ATTORNEY | |
| CAMERON COUNTY, TEXAS | )( |
| FRANK MARTINEZ, ASSISTANT | |
| DISTRICT ATTORNEY, CAMERON | )( |
| COUNTY TEXAS AND ISRAEL PENA, | |
| ASSISTANT DISTRICT ATTORNEY | )( |
| CAMERON COUNTY, TEXAS | |
| IN THEIR INDIVIDUAL AND | )( |
| OFFICIAL CAPACITIES, | |
| DEFENDANTS | )( |

## MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW ERNESTO C. CASTANEDA, D/B/A CASTANEDA'S NATIONWIDE FEDERAL BONDING AND BAIL BOND COMPANIES. LT'D., filing this Motion for Temporary Restraining Order; respectfully showing this Honorable Court as follows:

I.

Plaintiff seeks that Defendants be restrained before he is immediately, permanently and irreparably damaged as shown by his affidavit attached. He seeks they be restrained from subpoena duces tecum and oral deposition in case of Leonarda Lopez, principal of this bail bondsman, set for November 12, 2003 and Motion for Production of Documents in case of Leonarda Lopez principal set for November 30, 2003.

seeks they be restrained from Turnover Order in case of Oscar Castillo, principal set for 30 from October 7, 2003 date of writ, only served October 30, 2003. He seeks they be restrained from lawsuits in cases of principals, Oscar Castillo and Alejandro Garcia, principals. All these documents are attached to Complaint, as exhibits and are given by cause numbers in the 197th. District Court in Complaint. Just discovered, id also a Turnover Order in the Leonarda Lopez case, Plaintiff seeks restrained.

## II.

Plaintiff satisfies four prolonged test for injunction. (1) "Whether or not the movant has made a showing of likelihood of success on the merits." Plaintiff has stated a claim, as per requisites of <u>Conley v. Gibson</u>, 355 U.S.41.

(2) "Whether or not the Movant has shown irreparable harm if restraining order is not granted." Plaintiff has shown they attempt to take everything Plaintiff has and put him out of business, bondsmen having property rights in their bonding companies, violating Due Process of Law through voluminous documents attached to Complaint, asking records Plaintiff does not have and incriminating only required to keep records 5 years and these exonerable bond forfeiture cases past four year statue of limitations and frivolous suits.

(3) "Whether or not granting of restraining order would substantially harm the other parties." They are not harmed their cases frivolous for reasons shown above.

(4) "Whether the granting of the restraining order would serve the public interest." Plaintiff provides a valuable public service that is Constitutionally ordained, in providing bail bonds. Such keeps families intact during pendency of prosecutions, keeps jobs intact, without the principals being incarcerated, thus performing a community service and affecting commerce. Discrimination against commerce is shown so that Plaintiff should be granted injunction, as per <u>Montauk-Caribbean Airways, Inc. v. Hope</u>, 784 F2d.91. The Preemption Doctrine applies, whereby this court should grant restraining order. Const. Art. VI,2, <u>Maryland v. Louisiana, and Casualty Company v. Harris County Bail Bond Board,</u> 684 S.W.2d. 177, (Tx.App.-Houston,14th .Dist.,1984-ref-n.r.e.)

### III.

The foregoing tests are set out by <u>United States v. Baylor University Center,</u> 711 F 2d. 38,39, (5th. Cir.-1983) and Plaintiff alleges he has met those tests for restraining order to be entered. <u>Younger v. Harris,</u> 401 U.S. 371 allows entry on Doctrine of Equitable Restraint through otherwise allowable as shown.

### IV.

Movant has a substantial case on the merits as per <u>Baylor,</u> (supra) and <u>Ruiz v. Estella,</u> 650 F 2d.555,565 (5th. Cir.-1981)

### V.

Immediacy of damage is eminent, dates, foregoing show without even time to prepare, Plaintiff left vulnerable for permanent and irreparable damage once Defendants acquire, perhaps, incorrect due to time and no records after 5 years, facts sought.

### VI.

Plaintiff incorporates by reference affidavit, attached showing damage and attached Complaint and exhibits of Defendants' documents sought enjoined.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays temporary restraining order be entered without notice, before he is immediately, permanently and irreparably damaged.

Respectfully Submitted,

Ernesto C. Castaneda
305 Nolana
McAllen, Texas
Plaintiff, Pro Se.

*[signature]*

**SUBCRIBED AND SWORN BEFORE ME** this 11th day of December 2003.

*[Notary seal: ESTELLA RENAUD, MY COMMISSION EXPIRES March 10, 2006]*

*[signature: Estella Renaud]*
**NOTARY PUBLIC**
**STATE OF TEXAS**

4