UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ERNESTO CASTANEDA D/B/A | ) | |
| CASTANEDA'S NATION-WIDE | ) | |
| FEDERAL BONDING & BAIL BOND | ) | |
| COMPANY, LTD | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION NO. B-03-223 |
| | ) | |
| YOLANDA DE LEON, | ) | |
| DISTRICT ATTORNEY | ) | |
| OF CAMERON COUNTY | ) | |
| TEXAS, et al | ) | |
|     Defendants. | ) | |

**DEFENDANTS YOLANDA DE LEON, FRANK MARTINEZ, AND ISRAEL
PENAS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE
ALTERNATIVE, FOR MORE DEFINITE STATEMENT, DEFENDANTS'
SUPPORTING MEMORANDUM, AND ANSWER**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, YOLANDA DE LEON, FRANK MARTINEZ AND ISRAEL

PENA, Defendants, by and through their attorney, Robert H. Moore, Cameron County

Assistant District Attorney, and hereby move this Honorable Court for an order

dismissing plaintiff's complaint with prejudice. As the basis for this motion, and, as

more fully explained in the brief in support of this motion, the defendants contend that

plaintiff's complaint, pursuant to Rule 12(b), Federal Rules of Civil Procedure, fails to

state a claim upon which relief can be granted, and defendants have prosecutorial

absolute immunity, defendants have qualified immunity, Cameron County is the real

party in interest, the Court lacks subject matter jurisdiction in this case, plaintiff failed to

exhaust State remedies, this action is barred by res judicata and collateral estoppel, and venue is improper. Defendants move the Court to dismiss plaintiff's complaint and in support would show this Court the following:

## I.

1. **Factual Background**: These Defendants represent the State of Texas in the collection of certain <u>final</u> bail bond judgments that Plaintiff owes. In lawful attempts to collect these judgments, the State of Texas obtained several turnover orders from the state district court regarding Plaintiff's financial records, and has taken a partial post-judgment deposition of Plaintiff. To date, these judgments remain unsatisfied. Plaintiff, *pro se*, attempts to once again stall the State of Texas' lawful collection efforts with this lawsuit by collaterally attacking the State of Texas' final judgments. Specifically, through this lawsuit he is attempting to inject defenses that were of no help to him in state court, such as those he now asserts in his statute of limitations and exoneration due to deportation claims.

## II.

### F.R.C.P. 12(b)(6) MOTION

2. **Failure to State a Claim upon Which Relief can be Granted.** Plaintiff's complaint fails to state a claim on which relief can be granted because the complaint fails to plead any facts whatsoever giving rise to any causes of action under 42 U.S.C.A. § 1983, R.I.C.O., Privacy Act, Sherman Antitrust Act, or the Constitution, laws, or treatises of the United States of America. Specifically, Plaintiff merely alleges in broad and vague terms that Defendants filed legal actions on allegedly exonerable forfeited bonds, past the statute of limitations, in bad faith, retaliation, and harassment, and that "someone" saw

2

one of the defendants backdate a document after service. These facts, even if true, do not support any claims under either 42 U.S.C.A. § 1983, R.I.C.O., Privacy Act, Sherman Antitrust Act, or the Constitution, laws, or treatises of the United States of America. Pursuant to Federal Rules of Civil Procedure 12(b)(6), plaintiff failed to state a claim upon which relief can be granted.

3. **Prosecutorial Absolute Immunity.** The Cameron County District Attorney and the Assistant Cameron County District Attorneys, who are employed by the county district attorney's office and who are named as defendants in this case enjoy absolute immunity from civil rights suits and liability from damages when acting within the scope of their prosecutorial duties. Prosecutorial duties include presentation of case before the Grand Jury, plea bargaining, trial, pleas, post-conviction proceedings, confiscation of property and pre and post judgment bail bond forfeiture proceedings.

4. The Cameron County District Attorney and the Assistant Cameron County District Attorneys, who are defendants in this case, also enjoy absolute immunity for actions taken at the direction of the prosecutor's office for the purpose of prosecution of the case against plaintiff.

5. **Qualified Immunity.** The Cameron County District Attorney and the Cameron County Assistant District Attorneys, who are employed by the county district attorney's office and who are named as defendants in this case, are entitled to qualified immunity from civil rights suits and liability from damages, if they acted in good faith and within the scope of their discretionary authority when plaintiff alleges the wrongful acts occurred. Plaintiff has presented no credible evidence that these defendants were engaged in conduct that violated clearly established federal rights.

3

6.  The Cameron County District Attorney and the Assistant Cameron County District Attorneys, who are defendants in this case, are entitled to qualified immunity if they acted in good faith and within the scope of their discretionary authority in the performance of their duties.

7.  **Real Party in Interest.**    Cameron County, Texas is the real party in interest in this case the above-named individual defendants are employees of Cameron County, Texas a nd a re s ued i n t heir o fficial c apacities a s a gents o f t he C ounty.    Therefore the individual defendants should be dismissed from this case.

8.  **Lack of Jurisdiction over the Subject Matter.**  The court lacks jurisdiction of this action because the complaint does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.  The broad and general allegations made by Plaintiff are insufficient to bring this case within this Court's jurisdiction.

9.  Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging defamation, infliction of emotional distress, harassment, violation of right to privacy, mental anguish, and physical pain suffered due to exacerbation of diabetes and cancer by stress, taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law.

10.  **Failure to Exhaust State Remedies.**    Plaintiff failed to exhaust his state administrative a nd a ppellate remedies in that he failed to seek redress administratively from the governmental entities in question by filing a claim for damages in a timely manner or at all.  Plaintiff failed to seek a new trial or appellate review.  If as he claims,

he is entitled to exoneration on the bail bond judgments that he owes, motion for new trial and notice of appeal are his remedies.

11. **Res Judicata.**    Plaintiff's right to maintain this action is barred by Res Judicata. The causes of action and issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez entered a judgment against Ernesto Castaneda, also Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take Plaintiff's oral deposition and ordered plaintiff to produce certain requested documents.

12. **Collateral Estoppel.**    Plaintiff's right to maintain this action is barred by Collateral Estoppel. The issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez entered a judgment against Ernesto Castaneda, also Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take Plaintiff's oral deposition and ordered Plaintiff to produce certain requested documents.

13. **Venue.**    The venue of this action is improper in that plaintiff does not raise a federal question under 42 U.S.C.A. § 1983 and any claims left in this action should be properly brought in State Court.

WHEREFORE, Defendants respectfully ask that this 12(b)(6) motion be granted and that the Court dismiss this case with prejudice, assess costs against the Plaintiff and grant Defendants such other and further relief to which they may be justly entitled.

5

## III.

### F.R.C.P. 12(e) MOTION

14. Should the Court decline to grant this 12(b)(6) motion at this time, Defendants respectfully request that the Court order defendant to replead his complaint providing Defendants and this Court with a more definite statement of his claims pursuant to F.R.C.P. 12(e). Plaintiff's claims are presently unintelligible, and do not presently allege facts bringing the case within the court's jurisdiction. Nor does Plaintiff's complaint set forth the factual predicate and specific legal theories upon which Plaintiff's relies. Instead, Plaintiff alleges in general violations of broad statutes such as RICO and 42 U.S.C.A. § 1983, leaving the Defendants and this Court to guess as to how Plaintiff believes these statutes were violated.

WHEREFORE, Defendants respectfully ask that this 12(e) motion be granted and that the Court order Plaintiff to provide Defendants and this Court with a more definite statement of his claims, and grant Defendants such other and further relief to which they may be justly entitled.

## IV.

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COME, defendants and hereby submit the following memorandum in support of their motion to dismiss plaintiff's complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

Ernesto Castaneda d/b/a Castaneda Nation-Wide Bail Bonds is/was a bail bondsman. Several Judgments have been entered in Cameron County against Ernesto Castaneda d/b/a Castaneda Nation-Wide Bail Bonds that total approximately one million

6

dollars ($1,000,000.00). On April 16, 1997, an original petition, Cause Number 1997-04-1664-C, which was one of many original petitions filed and judgments entered against Ernesto Castaneda d/b/a Castaneda's Nation-Wide Bail Bonds, was filed against Leonarda L. Lopez and Castaneda's Nation-Wide Bail Bonds. On May 02, 1997, Castaneda's Nation-Wide Bail Bond filed an answer. On September 02, 1997, a final judgment was entered against Leonarda L. Lopez and Castaneda's Nation-Wide Bail Bonds for the amount of $50,000.00. On January 21, 1999, an Abstract of Judgment was filed. On March 02, 1999, an Application for Turnover Order was filed. On March 03, 1999, an order was entered denying Mr. Castaneda's Motion for New Trial and Extension of Date of Judgment. On September 08, 1999 another Abstract of Judgment was filed, but Mr. Castaneda was not located and could not be served. Cause Number 1997-04-1664-C is one of many cases that have final judgments entered against Plaintiff. After the final judgments were entered against Mr. Castaneda, for several years, the District Attorney's office was unable to locate Mr. Castaneda d/b/a/ Castaneda's Nation-Wide Bail Bonds and was unable to collect on the judgments. In the year 2003, Ernesto Castaneda was seen in court attending a court hearing. On October 06, 2003, the District Attorney's office filed a Post-Judgment First Request for Production and Notice of Oral Deposition and Subpoena Duces Tecum and Applications for Turnover Order. Post-Judgment discovery is authorized under the Texas Rules of Civil Procedure, 621a, "At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain

7

in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters." On October 30, 2003, Ernesto Castaneda d/b/a Castaneda's Nation-Wide Bail Bond was served with the post-judgment discovery, Application for Turnover Orders and Turnover Orders. A Turnover Order is authorized under the Tex. Civ. Prac. & Rem.Code Ann. § 31.002(b), Collection of Judgment Through Court Proceeding, "The court may: (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." Oral Deposition was re-set for November 12, 2003. On November 12, 2003, Ernesto Castaneda attended the oral deposition, agreed to return and continue the deposition a few days later, and agreed to bring in some of the documents requested. Ernesto Castaneda did not return on the agreed scheduled date, and on November 14, 2003, he filed a Motion to Quash Subpoena. The hearing on the Motion to Quash was set for December 03, 2003. On December 03, 2003, District Judge Migdalia Lopez heard Ernesto Castaneda's motion and objections, but denied Mr. Castaneda's Motion to Quash. On December 05, 2003, Judge Lopez signed an order denying the Motion to Quash the Deposition and ordered Ernesto Castaneda to allow the Assistant District Attorneys to take the oral deposition on January 02, 2004 at 9:00 a.m. and ordered Ernesto Castaneda to produce the requested documents on January 02, 2004 at 9:00 a.m.

On December 11, 2003, the plaintiff filed his "Civil Action Complaint" against the District Attorney and Assistant District Attorneys in the United States District Court to prevent the Assistant District Attorneys from taking his oral deposition and to prevent

the State of Texas from collecting and enforcing the final judgments. Plaintiff cites no grounds for jurisdiction, but seeks punitive damages, injunctive relief, and general relief.

Mr. Castaneda contends that he is a bail bondsman, operating in Cameron County, Texas, against whom Defendants filed 5 legal actions on alleged exonerable forfeiture bonds, past the statute of limitations, in bad faith, retaliation, and harassment. He claims that one of the assistant district attorneys backdated documents after service to make cases appear within limitation time frame of four (4) years.

### ARGUMENT

1. **Failure to State a Claim upon Which Relief can be Granted.** Plaintiff's complaint fails to state a claim on which relief can be granted because the complaint fails to plead or present any evidence whatsoever under 42 U.S.C.A. § 1983, R.I.C.O., Privacy Act, Sherman Antitrust Act, or the Constitution, laws, or treatises of the United States of America, regarding the allegations that defendants filed 5 legal actions on allegedly exonerable forfeited bonds, past the statute of limitations, in bad faith, retaliation, and harassment, and that someone saw defendants backdate a document after service. Plaintiff failed to plead facts in support of his claims describing what document was allegedly backdated, who allegedly saw the defendant backdate a document after service; and even if it were true that defendant backdated a document, which is not, plaintiff failed to plead how an alleged backdated document is a claim that entitles him for relief under 42 U.S.C.A. § 1983, R.I.C.O., Privacy Act, Sherman Antitrust Act, or the Constitution, laws, or treatises of the United States of America. Plaintiff misrepresents the documents that he received. Defendants served Plaintiff with post-judgment discovery, Application for Turnover Orders and

9

Turnover Orders under cause numbers: 1997-04-1664-C, 1996-11-6725-C, 1996-09-4952-C, 1998-05-2145-C, and 1996-11-6724-C. The documents served on Plaintiff are not original or amended petitions. They are post-judgment discovery and collection documents, and the five cases listed above are just a few of many cases where final judgments were entered against Plaintiff. Plaintiff owes the State of Texas approximately $1,000,000.00 worth of final judgments, and Defendants sent Plaintiff post-judgment discovery, Application for Turnover Order and Turnover Orders in an attempt to collect and enforce the amounts due. Plaintiff is confusing the four years statute of limitations under the Texas Code of Criminal Procedure Art. 22.18, "an action by the state to forfeit a bail bond must be brought not later than the fourth anniversary of the date the principal fails to appear in court," with post-judgment discovery and Turnover Orders. Article 22.18 deals with when an action must be brought. The cases that plaintiff makes reference to were filed by the State of Texas against Ernesto Castaneda and the principals several years ago, well within the four years statute of limitations. The State of Texas also has a judgment lien on each of the cases which are good initially for ten years, and can be revived so that they endure indefinitely. "A judgment lien continues for 10 years following the date of recording and indexing the abstract, except that if the judgment becomes dormant during that period the lien ceases to exist." Tex. Prop.Code Ann.§ 52.006. "A judgment is dormant if a writ of execution is not issued within 10 years after the rendition of a judgment or within 10 years after the issuance of the first writ." Tex. Civ. Prac. & Rem.Code Ann. § 34.001. The five cases listed above are less than ten years old, and the ten years limitation has not expired. Pursuant to Federal Rules of

Civil Procedure 12(b) (6), plaintiff failed to state a claim upon which relief can be granted.

2. **Prosecutorial Absolute Immunity.**    The Cameron County District Attorney and the Assistant County District Attorneys, who are employed by the county district attorney's office and who are named as defendants in this case, enjoys absolute immunity from civil rights suits and liability from damages when acting within the scope of his prosecutorial or advocatory duties.  "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under 42 U.S.C.A. § 1983." *Imbler v. Patchman,* 424 U.S. 409, 420, 431, 96 S.Ct. 984, 47 L.Ed.2d. 128, 137 (1976). Prosecutorial or advocatory duties include presentation of cases before the Grand Jury, plea-bargaining, trial, pleas, post-conviction proceedings. *Imbler* at 430-43. Confiscation of property and forfeiture proceedings, which are civil actions filed in connection to a criminal investigation and analogous to a criminal action, also protect the prosecuting attorney with absolute immunity. *Mendenhall v. Goldsmith,* 59 F.3d 685 (7th Cir. 1995); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894 (1978).

3. The Cameron County District Attorney and the Assistant County District Attorneys, who are defendants in this case, also enjoy absolute immunity for actions taken at the direction of the prosecutor's office for the purpose of prosecution of the case against plaintiff. *Davis v. Grusmeyer,* 996 F.2d. 617, (C.A.3, N.J., 1993)

4. **Qualified Immunity.**    The Cameron County District Attorney and the Assistant County District Attorneys, who are employed by the Cameron County District Attorney's office and who are named as a defendants in this case, are entitled to

11

qualified immunity from civil rights suits and liability from damages, if they acted in good faith and within the scope of their discretionary authority when plaintiff alleges the wrongful acts occurred. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *Harlow v. Fitzgerald*, 457 U. S. 800, 102 S. Ct. 2727, 2738-39, 73 L.Ed.2d. 396 (1982). Plaintiff has presented no credible evidence that these defendants were engaged in conduct that violated clearly established federal rights.

5. The Cameron County District Attorney and the Assistant County District Attorneys, who are defendants in this case, are entitled to qualified immunity if they acted in good faith and within the scope of their discretionary authority in the performance of their duties. *Saldana* and *Harlow supra*. Plaintiff has presented no credible evidence that these defendants were engaged in conduct that violated clearly established federal rights. *Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844, 851, n. 33 (5th Cir. 1991); *Stem v Ahearn*, 908 F.2d 1, 5-6 (5th Cir. 1990) *cert. denied*, 498 U. S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

6. **Real Party in Interest.** That Cameron County, Texas is the real party in interest in this case and has not been named as a defendant. Individual defendants are employees of Cameron County, Texas and are being sued for actions performed in their official capacities. "Actions for damages in [a defendant's] official capacity are, in essence, actions against the governmental entity of which the officer is an agent." *Kentucky v. Graham,* 473 U. S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018 , 2036 n. 55, 56 L.Ed.2d 611 (1978).

7. **Lack of Jurisdiction over the Subject Matter.** The court lacks jurisdiction of this action because Plaintiff's Complaint does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

8. Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging retaliation, harassment, bad faith, violation of right to privacy, mental anguish, and physical pain suffered, only sets forth a claim for relief and seeks a remedy under state law. *Tarter v. Hury*, 646 F. 2d 1010, 1012 (5th Cir. 1981); *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980)

9. **Failure to Exhaust State Remedies.** Plaintiff filed to exhaust his state administrative and appellate remedies in that he failed to seek redress administratively from the governmental entities in question by filing a claim for damages in a timely manner or at all. Plaintiff failed to seek a new trial or appellate review. If as he claims, he is exonerated from any bond forfeiture, a motion for new trial and notice of appeal is the proper remedy. *Tarter supra* at 1012.

10. **Res Judicata.** Plaintiff's right to maintain this action is barred by Res Judicata. The causes of action and issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez rendered a final judgment on the merits against Ernesto Castaneda. The causes of action in Cause Number 1997-04-1664-C, raised by Plaintiff in this cause, merged into the judgment entered by Judge Lopez. On December 02, 2003, Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take

oral deposition and ordered plaintiff to produce documents requested.  Plaintiff is now trying to use the federal Court to prevent defendants from take his oral deposition and collecting the final judgments.

11. **Collateral Estoppel.**    Plaintiff's right to maintain this action is barred by Collateral Estoppel. The issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez entered a judgment against Ernesto Castaneda, also Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take oral deposition and ordered plaintiff to produce documents requested.

12. **Venue.**    The venue of this action is improper in that plaintiff does not raise a federal question under 42 U.S.C.A. § 1983 and any claims left in this action should be properly brought in State Court. See *Cook v. Houston Post* and *Tarter v. Hury* above.

## V.

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, YOLANDA DE LEON, FRANK MARTINEZ AND ISRAEL PENA, Defendants, in the above-entitled cause and file this their Original Answer to Plaintiff's Complaint, subject to the Court's  rulings on any of Defendants' F.R.C.P. 12(b)(6) and 12(e) motions now or hereafter filed and would show the Court as follows:

1.  Defendants deny each and every allegation in Plaintiff's Complaint.

14

2. Defendants deny each and every allegation set forth in Paragraph I-1 of Plaintiff's Complaint, except specifically that Plaintiff is a bail bondsman operating in Cameron County.

3. Defendants deny each and every allegation set forth in Paragraph I-2 of Plaintiff's Complaint, except specifically that Defendant is the District Attorney of Cameron County, Texas and such actions were by her employees, within the scope of their employment and with her knowledge and consent.  Yolanda De Leon may be served at 974 E. Harrison, Brownsville, Texas 78520.

4. Defendants deny each and every allegation set forth in Paragraph I-4 of Plaintiff's Complaint, except specifically that Defendant is an Assistant District Attorney of Cameron County and may be served at 974 E. Harrison, Brownsville, Texas 78520.

5. Defendants deny each and every allegation set forth in Paragraph II-5(a), (b), (c), (d), (e), and (f) of Plaintiff's Complaint.

6. Defendants deny each and every allegation set forth in Paragraph III-7(a), and (b) of Plaintiff's Complaint.

7. Defendants deny each and every allegation set forth in Paragraph III-8 of Plaintiff's Complaint.

8. Defendants deny each and every allegation set forth in Paragraph III-9 of Plaintiff's Complaint.

9. Defendants deny each and every allegation set forth in Paragraph III-10 (a),(b),(c), (d), (e), (f), (g), (h), and (i) of Plaintiff's Complaint.

10. Defendants deny each and every allegation set forth in Paragraph III-11 of Plaintiff's Complaint.

11. Defendants deny each and every allegation set forth in Paragraph III-12 of Plaintiff's Complaint.

12. Defendants deny each and every allegation set forth in Paragraph III-13 of Plaintiff's Complaint.

13. Defendants deny each and every allegation set forth in Paragraph III-14 of Plaintiff's Complaint.

14. Defendants deny each and every allegation set forth in Paragraph III-15 of Plaintiff's Complaint.

15. Defendants deny each and every allegation set forth in Paragraph III-16 of Plaintiff's Complaint.

16. Defendants deny each and every allegation set forth in Paragraph III-17 of Plaintiff's Complaint.

17. Defendants deny each and every allegation set forth in Paragraph III-18 of Plaintiff's Complaint.

18. Defendants deny each and every allegation set forth in Paragraph III-19 of Plaintiff's Complaint.

19. Defendants deny each and every allegation set forth in Paragraph III-20 of Plaintiff's Complaint.

20. Defendants deny each and every allegation set forth in Paragraph IV-21 of Plaintiff's Complaint, except specifically that plaintiff was served with discovery

documents and turnover orders, and the Notice of Oral Deposition and Application for Turnover Order were signed by Israel Pena.

21.  Defendants deny each and every allegation set forth in Paragraph IV-22 of Plaintiff's Complaint.

22. Defendants deny each and every allegation set forth in Paragraph IV-23 of Plaintiff's Complaint.

23. Defendants deny each and every allegation set forth in Paragraph IV-24 of Plaintiff's Complaint.

24. Defendants deny each and every allegation set forth in Paragraph IV-25 of Plaintiff's Complaint.

25. Defendants deny each and every allegation set forth in Paragraph IV-26 of Plaintiff's Complaint.

26. Defendants deny each and every allegation set forth in Paragraph V-27 of Plaintiff's Complaint.

27. Defendants deny each and every allegation set forth in Paragraph V-28 of Plaintiff's Complaint.

28. Defendants deny each and every allegation set forth in Paragraph VI-29 of Plaintiff's Complaint.

29. Defendants deny each and every allegation set forth in Paragraph VII-30 of Plaintiff's Complaint.

30. Defendants deny each and every allegation set forth in Paragraph VII-31 of Plaintiff's Complaint.

42. Defendants specifically deny that Plaintiff is entitled to a temporary or permanent injunction, has had actual damages, or is entitled to punitive damages, as alleged in the Prayer of Plaintiff's Complaint, or that Plaintiff has been damaged in any amount whatsoever.

## AFFIRMATIVE DEFENSES

Defendants affirmatively allege:

1. **Prosecutorial Absolute Immunity.** The Cameron County District Attorney and the Assistant County District Attorneys, who are employed by the county district attorney's office and who are named as defendants in this case, enjoys absolute immunity from civil rights suits and liability from damages when acting within the scope of his prosecutorial or advocatory duties. *Imbler v. Patchman,* 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d. 128, 137 (1976). Prosecutorial or advocatory duties include presentation of case before the Grand Jury, plea-bargaining, trial, pleas, post-conviction proceedings. *Imbler* at 430-43. Confiscation of property and forfeiture proceedings, which are civil actions filed in connection to a criminal investigation and analogous to a criminal action, also protect the prosecuting attorney with absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894 (1978).

2. The Cameron County District Attorney and the Assistant County District Attorneys, who are defendants in this case, also enjoy absolute immunity for actions taken at the direction of the prosecutor's office for the purpose of

prosecution of the case against plaintiff. *Davis v. Grusmeyer*, 996 F.2d. 617, (C.A.3, N.J., 1993)

3. **Qualified Immunity.**    The Cameron County District Attorney and the Assistant County District Attorneys, who are employed by the Cameron County District Attorney's office and who are named as a defendants in this case, are entitled to qualified immunity from civil rights suits and liability from damages, if they acted in good faith and within the scope of their discretionary authority when plaintiff alleges the wrongful acts occurred. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982);  *Harlow v. Fitzgerald*, 457 U. S. 800, 102 S. Ct. 2727, 2738-39, 73 L.Ed.2d. 396 (1982).  Plaintiff has presented no credible evidence that these defendants were engaged in conduct that violated clearly established federal rights.

4. The Cameron County District Attorney and the Assistant County District Attorneys, who are defendants in this case, are entitled to qualified immunity if they acted in good faith and within the scope of their discretionary authority in the performance of their duties. *Saldana* and *Harlow supra.* Plaintiff has presented no credible evidence that these defendants were engaged in conduct that violated clearly established federal rights. *Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844, 851, n. 33 (5th Cir. 1991); *Stem v Ahearn*, 908 F.2d 1, 5-6 (5th Cir. 1990) *cert. denied*, 498 U. S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

5. **Real Party in Interest.**    That Cameron County, Texas is the real party in interest in this case and has not been named as a defendant. Individual

20

defendants are employees of Cameron County, Texas and are being sued for actions performed in their official capacities. "Actions for damages in [a defendant's] official capacity are, in essence, actions against the governmental entity of which the officer is an agent." *Kentucky v. Graham,* 473 U. S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018 , 2036 n. 55, 56 L.Ed.2d 611 (1978).

6.  **Lack of Jurisdiction over the Subject Matter.**   The court lacks jurisdiction of this action because Plaintiff's Complaint does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

7.  Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's c omplaint, a lleging r etaliation, h arassment, bad faith, violation of right to privacy, mental anguish, and physical pain suffered, because of., taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law. *Tarter v. Hury,* 646 F. 2d 1010, 1012 (5th Cir. 1981); *Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir. 1980)

8.  **Failure to Exhaust State Remedies.**    Plaintiff filed to exhaust his state administrative and appellate remedies in that he failed to seek redress administratively from the governmental entities in question by filing a claim for damages in a timely manner or at all.  Plaintiff failed to seek a new trial or appellate review.  If as he claims, he is exonerated from any bond forfeiture, a

21

motion for new trial and notice of appeal is the proper remedy. *Tarter supra* at 1012.

9. **Res Judicata.**    Plaintiff's right to maintain this action is barred by Res Judicata. The causes of action and issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez rendered a final judgment on the merits against Ernesto Castaneda. The causes of action in Cause Number 1997-04-1664-C, raised by Plaintiff in this cause, merged into the judgment entered by Judge Lopez. On December 02, 2003, Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take oral deposition and ordered plaintiff to produce documents requested. Plaintiff is now trying to use the federal Court to prevent defendants from take his oral deposition and collecting the final judgments.

10. **Collateral Estoppel.**    Plaintiff's right to maintain this action is barred by Collateral Estoppel. The issues raised by Plaintiff in this cause have been previously decided in, Cause Number 1997-04-1664-C. Judge Migdalia Lopez entered a judgment against Ernesto Castaneda, also Judge Lopez heard Plaintiff's motion to quash subpoena (Post Judgment Deposition), and Judge Lopez denied plaintiff's motion and ordered plaintiff to allow Assistant District Attorneys to take oral deposition and ordered plaintiff to produce documents requested.

11. **Venue.**    The venue of this action is improper in that plaintiff does not raise a federal question under 42 U.S.C.A. § 1983 and any claims left in this action should be properly brought in State Court. See *Cook v. Houston Post* and *Tarter v. Hury* above.

Wherefore, Defendants respectfully request:

That this Defendants' motion to dismiss Plaintiff's complaint be granted; or in the alternative that the Court order Plaintiff to provide Defendants with a more definite statement of his claims;

That Plaintiff takes nothing from Defendants on Plaintiff's claims;

That Defendants be awarded costs and reasonable attorney's fees herein;

That the Court grant Defendants such other and further relief as the court may deem proper.

Respectfully submitted,

YOLANDA DE LEÓN
CAMERON COUNTY AND
CRIMINAL DISTRICT ATTORNEY
Cameron County Courthouse
974 E. Harrison Street Brownsville, Texas 78520
Phone:  956-544-0849, Fax No.: 956-544-0869

BY: _____
    Robert H. Moore
    Assistant County Attorney
    Texas State Bar No. 14370120
    Federal Admission No.:  13569
    Board Certified – Criminal Law
    Texas Board of Legal Specialization

ATTORNEY FOR DEFENDANTS

23

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above motion, answer and

proposed order has been served on plaintiff and all counsel of record by forwarding a

copy of same according to the rules.

_____
Robert H. Moore

24

## AFFIDAVIT

THE STATE OF TEXAS                    )

COUNTY OF CAMERON                )

    BEFORE ME, the undersigned, on this day personally appeared Robert H. Moore, known to me to be the same person whose name is subscribed below, who after being duly sworn, deposes and says:

    "My name is Robert H. Moore.   I am capable of making this affidavit. I have read the foregoing document and hereby certify that the factual allegations in Defendant's Answer are correct to the best of my knowledge and information."



AFFIANT

    SUBSCRIBED AND SWORN TO BEFORE ME by the said Robert H. Moore on this 30 day of December 2003, to certify which witness my hand and seal of office.

**BEATRICE D. CRUZ**
Notary Public, State of Texas
My Commission Expires
2-03-2006

Notary Public in and for the
State of Texas
Printed Name: _____

My Commission Expires: _____