Case 1:03-cv-00223   Document 7   Filed in TXSD on 01/22/2004   Page 1 of 4

United States District Court
Southern District of Texas
FILED

JAN 2 2 2004

Michael N. Milby
Clerk of Court

7

THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO C. CASTANEDA, D/B/A CASTANEDA'S NATIONWIDE FEDERAL BONDING AND BAIL BOND COMPANIES, LT'D. | )( CIVIL ACTION NO. B-03-223 )( )( |
| VS. | )( |
| YOLANDA DE LEON, ET AL | )( |

**PLAINTIFF'S OBJECTION, REPLY IN OBJECTION AND CONTROVERTING MOTION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT, DEFENDANTS' SUPPORTING MEMORANDUM AND ANSWER**

**TO SAID HONORABLE COURT:**

**COMES NOW ERNESTO C. CASTANEDA, PLAINTIFF,** filing the foregoing Objection; respectfully showing this Honorable Court as follows:

I.

Conley v. Gibson, 355 U.S. 41 states what is required to state the claim on which relief can be granted and Plaintiff has well stated such claim. "Pleading is not a game of skill, where one misstep spells disaster", Conley, (supra).

II.

In addressing Defendants Motion point by point, Plaintiff urges, the following:

1. Prosecutorial Absolute Immunity claim is well covered in Plaintiff's Complaint, and such is denied by wealth of authority cited in Plaintiff's Compliant Imbler v. Pachtman, 424 U.S.431, and similar line of cases, cited in Original Complaint. Font v. Carr, 867 S.W.2d. 873, and International Fidelity Insurance, 476 S. W. 2d. 118-120.

2. Qualified immunity is denied by all those cases cited in Plaintiff's Original Complaint, by <u>Younger v. Harris</u>, 401 U.S.371, and similar line of cases, cited therein. In qualified immunity motivations and circumstances are considered. *

3. Real party at interest in Defendants' Motion is sophistry, Defendants, while within scope of their employment, acting ultra vires that scope, established by a wealth of authority in Plaintiff's Complaint, including <u>Shaw v. Garrison</u> 467 F. 2d. 113 and <u>Trainor v. Hernandez</u>, 431 U.S. 434.

4. To Defendants' argument of failure to exhaust remedies, Plaintiff shows he did so defend, and states so in his Compliant, all to no avail, as proceedings are rigged for the District Attorney's Office, such that Plaintiff alleges the futility doctrine, pleading alternatively, that he has exhausted remedies.

5. Defendants argument regarding "Res Judicata" refuses itself, showing that Plaintiff exhausted remedies, while Defendants' argue to the contrary, otherwise, urging the futility doctrine. Constitutional arguments cognizable to the federal forum were not addressed in such action as Defendants describe, and the show case is "ripe" for federal intervention, by the Doctrine of Equitable Estoppel, Plaintiff urges.

6. Collateral Estoppel argument by Defendants is quelled for some reasons as given above, under "Res Judicata".

7. In their "Venue" point, in Defendants' motion, they misstate venue for jurisdiction. Plaintiff raises multitudes of federal questions under various statues and under the Constitution in Original Complaint, and venue and jurisdiction are proper.

* <u>Imbler</u> (supra)

        **WHEREFORE,** Plaintiff files this Objection to Defendants' Motion.

        Respectfully submitted,

        Ernesto Castaneda
        305 Nolana
        McAllen, Texas 78502
        Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

On this 22nd day of JANUARY 2004, I the undersigned, served by First Class U.S. Mail, postage prepaid, copy of this Objection on Yolanda DeLeon, Frank Martinez, and Israel Pena, all of the Cameron County District Attorney's Office, 974 E. Harrison, Brownsville, Texas 78520.

Signed this 22nd day of JANUARY 2004.

_____
Ernesto Castaneda
305 Nolana
McAllen, Texas 78502
Plaintiff, Pro Se

THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO CASTANEDA D/B/A CASTANEDA'S NATIONWIDE FEDERAL BONDING AND BAIL BOND COMPANIES, LT'D. | )( CIVIL ACTION NO. B-03-223 )( )( |
| VS. | )( )( |
| YOLANDA DE LEON, ET AL, | )( |
| DEFENDANTS | )( |

## ORDER

On this _____ day of _____ 2004, came on to be heard the Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for more Definite Statement, Defendants' Supporting Memorandum and Answer and Plaintiff's Objection thereto. It is the Court's Opinion that Plaintiff's Objection is well taken and it is GRANTED.

It is so **ORDERED**.

Done at Brownsville, Texas this _____ day of _____ 2004.

_____
**JUDGE PRESIDING**