United States District Court
Southern District of Texas
FILED

JAN 2 2 2004

Michael N. Milby
Clerk of Court

THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO C. CASTANEDA D/B/A CASTANEDA'S NATIONWIDE FEDERAL BONDING AND BAIL BOND COMPANIES, LT'D., PLAINTIFF<br><br>VS.<br><br>YOLANDA DE LEON, DISTRICT ATTORNEY OF CAMERON COUNTY TEXAS, IN HER INDIVIDUAL AND IN HER OFFICIAL CAPACITY ; FRANK MARTINEZ, ASSISTANT DISTRICT ATTORNEY OF CAMERON COUNTY, TEXAS, IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AND ISRAEL PENA, ASSISTANT DISTRICT ATTORNEY OF CAMERON COUNTY, TEXAS IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY, DEFEDANTS | )( CIVIL ACTION NO. B-03-223<br>)( **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION, REPLY**<br>)( **IN OPPOSITION AND CONTROVERTING MOTION TO DEFENDANT'S MOTION TO**<br>)( **DISMISS AND MOTION FOR MORE DEFINTATE STATEMENT**<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( |

**TO SAID HONORABLE COURT:**

    **COMES NOW PLAINTIFF, ERNESTO C. CASTANEDA, ET AL,** filing this Memorandum of Law; respectfully showing this Honorable Court as follows:

**I.**

**FACTS**

    In 2003 the Defendants served the Plaintiff with voluminous discovery instruments, attached to Plaintiff's Original Complaint. Such are burdensome, vexatious, harassing and in bad faith in their voluminousness and character, concerning documents Plaintiff no longer has, only required to keep records for five years. All these cases are barred by the statue of limitations, Article 22.18, Texas Code of Criminal Procedure. They are also frivolous in

another way, as all concern exonerable of forfeitures deportations, an "uncontrollable circumstance" under Art. 22.13 (c), Texas Code of Criminal Procedure.

This is discovery in a civil case, not immunities due to presenting the state's case and initiating prosecution in authority Defendants rely on and misstate.

So much animosity and bad faith has been involved that Defendants were even seen backdating a government record served on Plaintiff, to make it appear timely and one Defendant, Israel Pena, threatened to incarcerate Plaintiff should he not appear at a Deposition, where he risks in Deposition and all other of these discovery instruments and turnover orders his right against self incrimination, unable to defend himself without his records.

The instruments attached to Complaint speak for themselves, such that further facts in this regard are not required.

What Defendants have done is not their duty but wholly ultra vires thereof, and it is Unfair Competition. They have acted in restraint of trade with such defamation to targets Plaintiff deals with, in violation of Section 1 of the Sherman Antitrust Act 15 U.S.C.1. They have intentionally interfered with prospective contractual relations, unable to make new bonds with such action, and have circulated inaccurate and misleading information to those in the legal system and others, Plaintiff deals with in bonding by these actions being public record, much talked about in courthouse.

The defamation has had tangible damage, required, on health and present and future earnings, and has denied Plaintiff's freedom of association as stated above, has denied his right to privacy with such invasive discovery, has denied his right to Due Process and Equal Protection of Law, his right to fair trail, so rigging in advance, and all other valuable Constitutional rights stressed in his Complaint, with foregoing wrongful actions. Defendants seek to take all Plaintiff has and end his business.

```
     FURTHER Defendants has force Plaintiff to go into Chapter 7,
on December 29,2003. In the Bankruptcy Court in CORPUS CHRIST,Texas.
SEE:"ATTATCHMENT"  .
```

## II.

## ARGUMENT

### FAILURE TO STATE A CLAIM

Defendants allege failure to state a claim on which relief can be granted and also, move for a more definite statement. Plaintiff has well stated a claim pursuant to Conley v. Gibson , 355 U.S.41 , and has backed claim in his Complaint with voluminous authority. Conley , (supra) allows liberal standards for stating a claim, in any event, holding that "pleading is not a game of skill where one misstep" spells disaster. Conley , (supra) holds that a Complaint should not be dismissed for failure to state a claim unless **it appears** beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley , n.4.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim but reqire only a short and plain statement of the claim that will give the defendant fair notice of what the Plaintiff's claim is and grounds on which it rests. Conley , n.10

Contrary to Defendant's assertions, Plaintiff pled under 42 U.S.C.A. 1983, R.I.C.O ., Privacy Act, Sherman Antitrust Act and under the Constitution, and in great detail, evidence not required at juncture of Complaint stage, as Defendants allege, though some was attached to Complaint.

Pursuant to Rule 12 (b) (6), Plaintiff stated a claim on which relief can be granted, all cases he is sued over now exonerable of forfeitures deportations, Art. 22.13 (c) , Texas Rules of Criminal Procedure. But the highly invasive discovery attached to Plaintiff's Complaint well shows Defendants simply seek to take all Plaintiff has and to deny his right against self incrimination in cases in which they know he is not at fault. Also, Defendants know that Plaintiff is elderly and he is ill with diabetes and cancer, which conditions Defendants' actions exacerbate. Defendants know Plaintiff no longer has his records from that far back as these cases, only required to keep records for five years, such that he cannot defend himself, so is made the sacrificial lamb. If Defendants were acting in good faith, then, why not work with Plaintiff instead of hauling off and bambarding him with documents and threats, Mr. Pena even telling Plaintiff that should he not be present for a deposition on January 2, 2004, he would have Plaintiff incarcerated.

Plaintiff factually pled throughout, telling who, what, when, where, why, and how in every case in which he knew answer to these questions, and more than gave Defendants notice of what Plaintiff's claim is and grounds on which it rests, and that is all that is required, under <u>Conley</u>, (supra) Circulating untrue information to judges, etc, restraining trade and interference with prospective contractual relationships are unfair competition, not duties.

## **ABSOLUTE IMMUNITY**

The gravamen of Defendants' pleadings concerns immunities, defense claiming it has both absolute immunity and qualified immunity, immunities will denied by copious authority in Plaintiff's Complaint, through this is not even Plaintiff's burden.

<u>Vera v. Tue</u>, 73 F. 3d. 604 states the rule in this jurisdiction of a two part test in deciding immunities: (1) Violation of a clearly established Constitutional right and (2) whether the Defendants' conduct was objectively reasonable in light of law in effect at the time. In the instant case First, Fourth, Fifth, Sixth, Seventh and Eighth Amendment rights were violated as shown in Complaint, as well as impairment of contracts, Dormant Commerce Clause and de facto, Bill of Attainder, Plaintiff so singled out. The Fourteenth Amendment is severely violated as to both Due Process and Equal Protection provisions, Plaintiff furnishing authority in his Complaint, showing he has a liberty interest and a property interest in his bonding business, Defendants seek to destroy, obviously, from their very pleadings, knowing full well Plaintiff has no control over deportations and the bonds should not have been forfeited.

Satisfying the second test of <u>Vera</u>, (supra), the Defendants' conduct was not objectively reasonable in light of the law at the time. No one else has been so singled out for such draconian tactics against one they know had no fault in the deportations and forfeitures.

Defendants offer no authority other than <u>Imbler v. Pachtman</u>, 424 U.S. 409. Imbler only allows prosecutors absolute immunity when initiating a prosecution or presenting the state's case. No prosecution is present here, but a civil action to recover alleged bond forfeitures. Nor is initiating prosecution or presenting the state's case involved, but voluminous, invasive discovery, where defendants know Plaintiff cannot defend himself without his records. Discovery is not covered by <u>Imbler</u>, (supra) exceptions.

4

The Defendants have simply failed to satisfy requisites of Vera (supra). Again and again, throughout, the Defendants confuse absolute immunity with Eleventh Amendment sovereign immunity, when a state is sued; yet by actions so ultra vires their official capacities, even sovereign immunity would be disallowed. This is shown by the many Eleventh Amendment cases Defendants cite, trying to confuse the Court. Defendants simply have no immunity of any kind.

## QUALIFIED IMMUNITY

Defendants also claim qualified immunity. Under Imbler, (supra), qualified immunity is also, addressed and with qualified immunity, motivations and circumstances are taken into account. Here, clearly, bad faith, malice, retaliation and harassment are involved, denying any qualified immunity. As in Font v. Carr, 867 S. W. 2d. 873, it is the D.A.'s burden to show good faith, not the bondsman's burden to show bad faith. Also, International Fidelity Insurance Co. v. Sheriff of Dallas County, 476 S. W. 2d. 118-120; Campbell v. Jones, 264 S.W. 2d. 425, Lazarov v. University of Texas Health Science Center, 830 S. W. 2d. 330, and Baker v. State, 621 S. W. 2d. 644.

Discretionary functions are not involved here. Such functions involve: (1) personal deliberation, (2) decisions and (3) judgment. Wyse v. Department of Public Safety, 733 S. W. 2d. 227, Miller v. Curry, 625 S. W. 2d. 84, cert. den. 459 U.S. 826. Clearly such was not involved in the case at bar, Defendants simply hauling off and bombarding Plaintiff with computer forms, asking everything but the kitchen sink.

In Austin v. Hale, 711 S. W. 2d. 264, to enjoy qualified immunity, one had to prove he acted in good faith. Defendants here, have not shown this, nor can they, all principals deported, an uncontrollable circumstance they sue over, past limitations and such circumstances not the fault of Plaintiff and Defendants know this,

In Saldana v. Garza, 684 F. 2d. 1159 (Faith Cir. –1982), when the Plaintiff failed to rebut officers' good faith allegations, judgment against Plaintiff was affirmed. But here, Plaintiff so rebuts and Plaintiff well furnished authority why Defendants do not have immunity in Complaint. Defendants' cases cited, simply do not support them, and they offer no authority. Also, standing for the foregoing propositions are Williams v. Treen, 671 F. 2d. 892 (5th. Cir.1982), and Baker v. Norman, 651 F. 2d. 1107.

5

Saldana, (supra), well stated the Fifth Circuit rule that the defendant official bears the burden of pleading good faith and establishing that any allegedly tortuous acts were undertaken pursuant to the exercise of discretionary authority.

- Who?
- What?
- When?
- Where?
- How?
- Why?

All the foregoing are facts for Defendants to plead factually so as to allege good faith. Defendants wholly failed in this regard in their pleadings, defying Saldana, (supra), and similar line of cases, above.

Thus, the burden has not shifted to Plaintiff to show officials lacked good faith, because Defendants have not sustained their burden with notice pleading only, not fact pleading. Rheaume v. Texas Department of Public Safety, 666 F. 2d. 925, 930 (Fifth Circuit-1982) and Garris v. Rowland, 678 F. 2d. 1264 (Fifth Circuit-1982) and United Carolina Bank v. Board of Regents, 665 F. 2d. 553,562 (Fifth Circuit.-1982)

The Defendants misstate authority in Butz v. Economou, 438 U.S. 478, as this is an Eleventh Amendment case, suing the state, where sovereign immunity, not absolute or qualified immunity is involved. However, since ultra vires official capacity actions are involved, even sovereign immunity would not be tenable in this case. Shaw v. Garrison, 467 F. 2d.113, and Trainor v. Hernandez, 431 U.S.434.

The Defendants also, misstate the authority of Mendenhall v. Goldsmith, 59 F.3d. 785, a non binding Seventh Circuit case, inasmuch as the state proceedings do not have such safeguards as to stop federal intervention, because Plaintiff duly defended in the state action and his motions were denied, though the court could clearly see these were exonerable cases due to deportation, filed past limitations. Defendants could not be immune in these civil proceedings, as in Mendenhall, (supra), because civil remedy was not similar to a plea bargain agreement, but was voluminous, invasive discovery, attached to Plaintiff's Complaint, and which speaks for itself.

The Saldana case, (supra) is based upon Harlow v. Fitzgerald, 457 U.S. 800 and again, Defendants have not factually pled in order to show good faith that Plaintiff needs rebut. Medley v. Mississippi D.P.W., 925 F.2d. 844 (Fifth Circuit-1991), Defendants cite, relying on stating immunity therein, to shift burden to the Plaintiff, is an inapplicable case, involving private persons invoking court action, not officials, as here.

### REAL PARTY IN INTEREST

Defendants argue that actions for damages in official capacity are, in essence, actions against the governmental entity of which the officer is agent, according to Monell v. Department of Social Services, 436 U.S. 658, and Kentucky v. Graham, 473 U.S. 159. These cases are inapplicable, inasmuch as they again, refer to Eleventh Amendment cases against the state, not absolute immunity or qualified immunity, but sovereign immunity, having an entirely different set of standards, and even sovereign immunity would not stand in this case, according to Shaw (supra) and Trainor (supra), due to ultra vires official capacity illegal actions.

### LACK OF JURISDICTION OVER SUBJECT MATTER

In support of the foregoing proposition, Defendants cite Tarter v. Hury, 646 F. 2d. 1010 (Fifth Cir.-1980) and Cook v. Houston Post, 616 F 2d. 791 (Fifth Cir. –1980). Again, these cases are inapplicable and do not support Defendants' contentions. Unlike Tarter, (supra), no interruption of state court proceedings is involved on a case by case basis is involved, decisions having been made against Plaintiff in those, so not providing adequate safeguards, as shown above, such that this action is needed. Tarter, (supra) clearly states that prosecutors do not have the same immunity as judges and requires a hearing for the Plaintiff when such matters are involved, not a simple dismissal, Defendants seek.

Cook (supra) is also, inapplicable, as involving tangible damages, additionally to defamation, just as Plaintiff has pled, from a Paul v. Davis 424 U.S. 711 line of cases, not giving the rule, or any for "real party in interest." Even then, same Imbler v. Pachtman, (supra) tests are given regarding immunity, where Defendants fail to meet such standards as initiating prosecution and presenting the state's case, as required for immunity to attach. Rather, Defendants violated clearly established law, as in Saldana, (supra) and similar line of cases and are not immune.

### FAILURE TO EXHAUST STATE REMEDIES

Plaintiff can only appeal final judgments, which have not been had in these state cases involved, only rulings against Plaintiff on motions involving discovery, at present, while immediate, permanent and irreparable damage is being done such that intervention by the federal court needs be had, under the Doctrine of Equitable Restraint well

pled under Younger v. Harris, 401 U.S. 371 in Plaintiff's Complaint. Plaintiff has met the criteria of Younger, in chilling effect on First Amendment freedoms, no probable cause in exonerable deportation cases, Plaintiff had duty moved to exonerate, to which Defendant acquiesces, a stipulation, beyond limitations: malice, bad faith, harassment and retaliation. This is not applicable to the Tarter case cited at 1012. The "futility doctrine" is also, invoked.

### RES JUDICATA

Defendants offer no authority in this regard, and the Doctrine of Equitable Restraint negates this doctrine, in any event. Also, the Preemption Doctrine allows federal court intervention, since Dormant Commerce Clause is involved. Silkwood v. Kerr McGee Corporation, 464 U.S. 238, Texas Fire and Casualty Company v. Harris County Bail Bond Board, 684 S. W. 2d. 177; Northwest Central Pipeline v. Kansas Corp. Comm'n., 489 U.S. 493.

### COLLATERAL ESTOPPEL

**Again,** the Doctrine of Equitable Restraint, the Preemption Doctrine and the futility doctrine, militate against Collateral Estoppel, Defendants have urged, offering no authority therefore. No identity of facts and identity of issues are involved, required for collateral estoppel, federal questions involved here, not in the state case.

### VENUE

Cook, (supra) and Tarter, (supra) the Defendants cite here are inapplicable cases for reasons shown above. Many federal questions are involved, as shown, and this Court has jurisdiction and venue, thereof, especially when the three foregoing doctrines of Equitable Restraint, or Preemption and of Futility are involved, all denying res judicata, collateral estoppel and venue.

WHEREFORE, **Plaintiff** files this supporting Memorandum of Law.

Respectfully submitted,

_____
Ernesto C. Castañeda
305 Nolana
McAllen, Texas 78502
Plaintiff, Pro Se

(Official Form 1)(12/03)

| FORM B1 | United States Bankruptcy Court<br>**SOUTHERN** District of **TEXAS** | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**CASTANEDA, ERNESTO C.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):  **— 2044** | Last four digits of Soc. Sec.No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1501 Hibicus**<br>**McAllen, Texas 78501** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business:  **Hidalgo** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor (if different from street address above):

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
[X] Individual(s)         [ ] Railroad
[ ] Corporation           [ ] Stockbroker
[ ] Partnership           [ ] Commodity Broker
[ ] Other _____         [ ] Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
[X] Chapter 7    [ ] Chapter 11    [ ] Chapter 13
[ ] Chapter 9    [ ] Chapter 12
[ ] Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)
[ ] Consumer/Non-Business    [X] Business

**Filing Fee** (Check one box)
[ ] Full Filing Fee attached
[X] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
[ ] Debtor is a small business as defined in 11 U.S.C. § 101
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**United States Courts**
**Southern District of Texas**
**FILED**

**DEC 29 2003**

**Michael N. Milby, Clerk of Court**

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
|  | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
|  | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
|  | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |



## CERTIFICATE OF SERVICE

On this 22nd day of January 2004, I, the undersigned, served by First Class U.S. Mail Postage prepaid, copy of attached supporting Memorandum on Yolanda DeLeon, Frank Martinez and Israel Pena, at the District Attorney's office, Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas 78520.

Signed this 22nd day of January 2004.

Ernesto C. Castaneda
305 Nolana
McAllen, Texas 78502
Plaintiff, Pro Se