IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 3 0 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ERNESTO CASTANEDA <br> D/B/A CASTANEDA'S NATIONWIDE <br> FEDERAL BONDING AND BAIL <br> COMPANIES LTD <br><br> Plaintiff <br><br> v. <br><br> YOLANDA DE LEON, <br> District Attorney of Cameron County, <br> et al. <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> Civil Action B-03-223 |

## ORDER

BE IT REMEMBERED that on April 30, 2004, the Court **GRANTED** Defendants' motion to dismiss [Dkt. No. 4].

**I.  Factual and procedural background**

Plaintiff Ernesto Castaneda is a bail bondsmen doing business as Castaneda's Nationwide Federal Bonding and Bail Bond Companies, Ltd.[1] Plaintiff alleges that "Defendants have filed 5 legal actions on exonerable [sic] forfeited bonds, past the statute of limitations, in bad faith, retaliation, and harassment."[2] Plaintiff has alleged several causes of action: (1) 42 U.S.C. § 1983; (2) Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) The Privacy Act; (4) The Sherman Antitrust Act; (5)

---

[1]  Castaneda's Nationwide Federal Bonding and Bail Bond Companies, Ltd. is the d/b/a Plaintiff names in his complaint; however, Defendants state that Plaintiff is doing business as Castaneda Nation-wide Bail Bonds.

[2]  Plaintiff's claims are essentially a collateral attack on the state court judgments and orders entered against him. As such, the *Rooker-Feldman* doctrine would require the Court to abstain from exercising jurisdiction in this case.

*Bivens*; and (6) and various state law claims

Defendants have partially filled out the factual background of this case in their motion to dismiss.[3] Defendants prosecuted to judgment "many" civil cases and received turnover orders against Plaintiff; however, they were unable to collect on the judgments for several years because they were unable to locate Plaintiff or his business. Once they located Plaintiff in October 2003, Defendants requested post-judgment discovery and again filed applications for turnover orders. Defendants started Plaintiff's deposition on November 12, 2003. The parties agreed to return a few days later to conclude the deposition, and Plaintiff agreed to bring additional documents at that time. Plaintiff filed a motion to quash and did not return for the conclusion the deposition. On December 5, 2003, Judge Migdalia Lopez heard and denied the motion to quash. On December 11, 2003, Plaintiff filed this case against the District Attorney and the two Assistant District Attorneys apparently to prevent both the taking of the deposition and the collection on the judgments entered against him.

II.   **Analysis**

   A.   **Standard**

Rule 12(b)(6) allows for dismissal if Plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in Plaintiff's complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *Gargiul v. Tompkins*, 704 F.2d 661, 663 (2nd Cir. 1983), *vacated on other grounds*, 465 U.S. 1016 (1984). In addition, all reasonable inferences are to be drawn in favor of Plaintiff's claims. *Id.* "To qualify for dismissal

---

[3] The Court does not consider these facts in deciding the Rule 12(b)(6) motion but includes them to give a clearer backdrop of the case and this order.

under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970.

    **B.**    **Absolute immunity: § 1983 and RICO**

Under § 1983, prosecutors are entitled to absolute immunity for acts performed as advocates of the state. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n. 33 (1976). "A district attorney is entitled to absolute immunity for instituting and presenting the state's case in a civil forfeiture proceeding." *Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 1290 (W.D. La. 1994). Absolute immunity extends to a prosecutor's actions "'preliminary to the initiation of a prosecution and . . . apart from the courtroom.'" *Id.* at 272 (quoting *Imbler*, 424 U.S. at 431 n. 33). Absolute immunity also protects district attorneys from suit under RICO. *Dopp v. Loring*, 54 Fed.Appx. 296 (10th Cir. 2002) (affirming dismissal based on absolute immunity of a *pro se* plaintiff's RICO cause of action against a district attorney).

All the acts Plaintiff lists in complaint involve the prosecutors performing the state's trial duties. Because these acts fall under the protection of absolute immunity, Plaintiff's § 1983 and RICO claims are **DISMISSED**.

    **C.**    **The Privacy Act and *Bivens* claims**

Plaintiff cannot recover on either a Privacy Act or *Bivens* claim because those actions can be prosecuted only against federal agents or agencies. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established the proposition that victims of constitutional violations perpetrated by a federal official may sue the official for damages in federal court despite the absence of explicit statutory authorization for such a suit. Likewise, the private right of civil action created by the Privacy Act, 5 U.S.C. § 552(a), is specifically limited to actions against agencies of the United States; therefore, the civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials. *Unt v. Aerospace Corp.*, 765 F.2d 1440 (9th Cir. 1985). Because Plaintiff's Privacy Act and *Bivens* claims are alleged against state, not federal actors, these claims are **DISMISSED**.

### D. The Sherman Antitrust Act

Other than citing the Sherman Act as the source of a cause of action, Plaintiff does not allege any facts supporting an antitrust claim.

### E. Remaining state law claims

Having dismissed the causes of action supporting federal question jurisdiction, the Court does not address Plaintiff's state law claims.

## III. Real party in interest

The parties have not filed a suggestion or notice of bankruptcy; however, in his response brief [Dkt. No. 9] Plaintiff references in passing that he has filed for bankruptcy under Chapter 7 and attaches thereto a a copy of the voluntary petition he filed in the bankruptcy court. Plaintiff filed for bankruptcy after the events giving rise to the claims in this case allegedly occurred. Therefore, these claims are property of the bankruptcy estate and should have been disclosed in Plaintiff's bankruptcy schedules. *See* 11 U.S.C. § 541(a) (defining property of bankruptcy estate); *Browning Manufacturing v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207-08 (5th Cir. 1999) (stating debtor has duty to disclose all potential causes of action), *cert. denied*, 528 U.S. 1117 (2000); *Schertz-Cibolo-Universal City, Indep. School Dist. v. Wright (Matter of Educators Group Health Trust)*, 25 F.3d 1281, 1283 (5th Cir. 1994) (stating property of bankruptcy estate includes causes of action). Because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them. *See id.* at 1284.

## IV.  Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss [Dkt. No. 4] and **DISMISSES** Plaintiff's complaint.

DONE at Brownsville, Texas, this 30th day of April 2004.

_____
Hilda G. Tagle
United States District Judge